**Clark Peter Services**
8342 SW 8th St
Miami, FL 33144
786-359-4402

November 24, 2025

To Your Honor,
Superior Court of Florida

FILED BY __MCO__ D.C.

DEC 04 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**Re:** Response to Complaint
Nigel Frank De La Torre Pardo v. Clark Peter Services
Case #: 1:25-cv-25169

Dear Judge:

We, Claris Nubia Gonzalez Martinez & Pedro Garcia Hernandez, owners of Clark Peter Services, acting in our own representation (pro se), respectfully submit this response to the complaint filed by Mr. De La Torre Pardo, and state the following:

**Denial of Allegations**
We categorically deny each allegation contained in the complaint, except for those expressly admitted in this letter.

**Lease and Facility Responsibilities**
Clark Peter Services operates at the premises located at 8342 SW 8th St under a valid lease agreement with Westchester Point Plaza. Responsibility for structural accessibility features and certain compliance aspects rests with Westchester Point Plaza as the property owner.

**Customer Service and Accommodation**
Our restaurant has at all times served customers in a courteous and professional manner. There is **no record that the plaintiff ever complained about accessibility or service** while on the premises. Our staff provides assistance when requested and acts in good faith to ensure a welcoming environment for all patrons.

**Insurance Verification**
We are including a letter from our insurance company confirming coverage and acknowledgment of operations at the leased premises, which further demonstrates our compliance and responsible operation.

**Willingness to Cooperate**

We remain willing to provide documentation, allow inspections, or otherwise cooperate with any verification the court deems necessary.

We appreciate Your Honor's attention to this response and reiterate our commitment to operating responsibly, safely, and respectfully within the leased premises.

Respectfully,

Claris Gonzalez
Owner, Clark Peter Services



November 20, 2025

BY clarkpeterservices@gmail.com
VIA U.S. MAIL AND CERTIFIED MAIL (RETURN RECEIPT REQUESTED)

Claris N. Gonzalez
Clark & Peter Services Corp. DBA Kuba 8 Restaurant
8342 SW 8th St.
Miami, FL 33144

RE:  Insured:       Clark & Peter Services Corp. DBA Kuba 8 Restaurant
     Plaintiff:     Nigel Frank de la Torre Pardo
     Matter:        1:25-cv-25169-PCH
     Date of Loss:  6/3/2025
     Policy:        01-C-PK-P20112725-0
     Claim No.:     01CCG2025003330

Dear Ms. Gonzalez,

I write on behalf of Ategrity Specialty Insurance Company ("Ategrity", "We", "Our"), which issued Policy No. 01-C-PK-P20112725-0 (the "Policy") to Clark & Peter Services Corp. DBA Kuba 8 Restaurant ("Clark") in connection with the above-referenced claim (the "Pardo" Lawsuit). The Policy affords Commercial General Liability coverage subject to certain terms, conditions, limitations, and exclusions, for the period 7/1/2024 to 7/1/2025. For the reasons explained below, the Policy does not afford coverage to Clark for the Brito lawsuit. Ategrity therefore has no obligation to defend or indemnify Clark in connection therewith.

## Factual Background

Ategrity's understanding of the facts is as follows: Pardo has filed suit in the US District court, Southern district of Florida, against Clark for:

Discrimination against Pardo in Violation of the Americans with Disabilities Act ("ADA") by failing to remove architectural barriers at the property that prevented his full and equal access/use /enjoyment of the property, and that Pardo was deprived of its facilities, goods, services and amenities because of those barriers. Pardo alleges violations of ADA law and standards in the Public Restroom of Kuba 8. Pardo, who is disabled and uses a wheelchair, allegedly visited the property on 6/3/2025. He allegedly could not operate the bathroom stall hardware, could not reach the paper towel dispenser, and could not navigate his wheelchair due to the construction of the stalls and threshold heights. Pardo alleges multiple violations of the ADA Standards and guidelines and various US Codes in violation of Pardo's rights.

*Ategrity Specialty Insurance Company*

14000 North Pima Road, Suite 200
Scottsdale, AZ 85260  /  480.237.2417  /  ategrity.com

November 20, 2025
Page 2 of 7

Pardo seeks an inspection of the premises, civil penalties, injunctive relief, attorneys' fees and for Clark to bring the property into compliance.

## Coverage Position

Our review of coverage in this matter is based only on the allegations and facts in this claim as presented and known to date and should not be construed as applicable to a new claim or a lawsuit arising out of this matter or any other matter. The below recitation of the relevant policy language is for your ease of reference. We refer you to the Policy itself for its complete terms, provisions, and conditions and, to the extent inconsistent with any of the below, the terms of the Policy control.

The policy affords Commercial General Liability Insurance Coverage to Clark subject to limits of $1,000,000.00 each occurrence, and a $2,000,000.00 general aggregate pursuant to Form CG0001 (04/13). "Commercial General Liability Forms" "Coverage A - Bodily Injury and Property Damage Liability", which reads as follows:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
    a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result...*

    b. *This insurance applies to "bodily injury" and "property damage" only if:*
    
    (1) *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"...*

Form CG0001 (04/13), "Commercial General Liability Forms", "Section V – Definitions", defines the relevant terms in Coverage A as follows:

**SECTION V – DEFINITIONS**
3. *"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time...*
13. *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions...*

*Ategrity Specialty Insurance Company*

14000 North Pima Road, Suite 200
Scottsdale, AZ 85260   /   480.237.2417   /   *ategrity.com*

ASIC CL 0010 0419

November 20, 2025
Page 3 of 7

**17.** "Property damage" means:

   **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

   a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

The Complaint fails to allege an "occurrence" which gave rise to "property damage" or "bodily injury" as defined in the policy. Therefore, there is no potential for any duty or potential duty to indemnify or defend Clark under Coverage A of the policy.

Notwithstanding our coverage position outlined above, and without conceding that position, Coverage A of the policy form includes certain exclusions that would negate a duty, or the potential for any duty, in any event. Please refer to Exclusions of Coverage A where pertinent exclusions are noted for you below.

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons of property.

**o.  Personal and Advertising Injury**
"Bodily injury" arising out of "personal and advertising injury".

The Policy also provides the following pursuant to the second insuring agreement found under Form CG0001 (04/13). "Commercial General Liability Forms", "Coverage B – Personal and Advertising Injury Liability", which reads as follows:

**SECTION I – COVERAGES**

*Ategrity Specialty Insurance Company*

14000 North Pima Road, Suite 200
Scottsdale, AZ 85260   /   480.237.2417   /   *ategrity.com*

ASIC CL 0010 0419

November 20, 2025
Page 4 of 7

**COVERAGE B – PERSONAL AND ADVERTISING INJURY**
1. Insuring Agreement
    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply...

    **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period...

Form CG0001 (04/13). "Commercial General Liability Forms", "Section V – Definitions", defines the relevant terms in Coverage B as follows:

**SECTION V – DEFINITIONS**

**1.** "Advertisement" means a notice means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters...

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
**a.** False arrest, detention or imprisonment;
**b.** Malicious prosecution;
**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
**f.** The use of another's advertising idea in your "advertisement"; or
**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

The allegations do not meet the enumerated offenses in the definition of "personal and advertising injury" or in the course of advertising as defined in the Commercial General Liability Coverage Policy. Therefore, there is no potential for any duty or potential duty to indemnify or defend Clark under Coverage B of the policy.

**Ategrity Specialty Insurance Company**

14000 North Pima Road, Suite 200
Scottsdale, AZ 85260   /   480.237.2417   /   ategrity.com

ASIC CL 0010 0419

November 20, 2025
Page 5 of 7

Notwithstanding our coverage position outlined above, and without conceding that position, Coverage B of the policy form includes certain exclusions that would negate a duty, or the potential for any duty, in any event. Please refer to Exclusions of Coverage B where a pertinent exclusion is noted for you below.

2. **Exclusions**
    This insurance does not apply to:

    a. **Knowing Violation Of Rights Of Another**
       "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

The policy also contains the following endorsement, ASIC-GL-0015-1221- PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION**

This endorsement modifies Insurance provided under the following coverage part:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART

*Regardless of any other provision of this policy, this policy does not apply to a claim of or indemnification for punitive or exemplary damages, fines, penalties, treble damages, or multiplied or multiple damages imposed upon any insured, whether imposed by law or statute.*

*If an action is brought against any insured and falls within the coverage provided by the policy, seeking both "compensatory damages" and any of the fines, penalties or damages enumerated above, no coverage shall be provided by this policy for any costs, interest, defense costs, attorney or legal fees of any type or damages attributable to any of the fines, penalties or damages enumerated above.*

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.**

Pardo alleges deliberate actions against him which could give rise to punitive or exemplary damages, which are excluded.

**Ategrity Specialty Insurance Company**

14000 North Pima Road, Suite 200

Scottsdale, AZ 85260   /   480.237.2417   /   *ategrity.com*

ASIC CL 0010 0419

November 20, 2025
Page 6 of 7

Based on the foregoing reasons there is no coverage for this loss under any portion of the policy. Therefore, Ategrity has no duty to defend or indemnify Clark or any other entity seeking coverage under the policy, for any settlement or judgment rendered in this matter. This lack of duty includes the additional insured Landlord, who is also sued for the same allegations.

Given the lack of coverage under the Policy as outlined above, Clark may be personally liable for any amounts owed in connection with the settlement of the claim or satisfaction of any judgment that may be rendered. To attempt to avoid personal exposure, Clark should, if it has not already done so, place any other liability insurance carriers it may have on notice of this claim, as the failure to do so timely may forfeit any coverage which may otherwise have been available. Also, Clark should retain counsel, at its own expense, to protect its interests, including but not limited to filing a timely answer to the Complaint on its behalf.

Ategrity reserves its right to amend this coverage determination based on any additional information, pleadings, or other material or information submitted to it. Ategrity reserves the right to supplement the foregoing and to assert policy defenses not discussed herein. Any actions that have or will be taken in connection with this claim should not be construed as a waiver of any rights of Ategrity to invoke the terms, conditions, and exclusions of the Policy, all of which actions taken on behalf of Ategrity are done entirely without prejudice. Ategrity reserves the right to file a declaratory judgment action to determine its rights and duties under the policy.

Should any additional legal proceedings be initiated, or other demands or claims made, please forward such materials to Ategrity so the allegations of those matters may also be evaluated under the terms and conditions of the policy.

If you disagree with any of the matters set forth herein or if you believe there is additional information Ategrity should consider, Ategrity invites you to respond to this correspondence. Ategrity will give any such response due consideration and will provide a prompt response. Should you have any questions, please don't hesitate to contact me.

Sincerely,

*Michelle Marquand*



**Michelle Marquand**
**Senior Claims Specialist**

*Ategrity Specialty Insurance Company*

14000 North Pima Road, Suite 200
Scottsdale, AZ 85260  /  480.237.2417  /  *ategrity.com*

ASIC-CL 0010 0419